UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
v.                                )     No.  1:18-cr-10410-ADB
                                  )
DROEL JARED ENCARNACION FIGUEROA  )

MOTION IN LIMINE (amended)

Now comes the Defendant in the above-captioned matter and respectfully moves *in limine* as follows:

1. Evidence of prior bad acts:  The Defendant moves to exclude prior recorded conversations allegedly between the Defendant and co-conspirator Robin Manuel Martinez Suazo, in which they discussed other potential narcotics transactions.  Admitting this evidence would allow the government to paint the Defendant as a "drug dealer" to suggest that he was acting in accordance with that trait in the incident currently at issue. Fed. R. Evid. 404(b)(1).

Prior instances in which the Defendant discussed potential drug transactions have no bearing on his involvement in the alleged transaction in the instant case.  At issue in the instant case is whether the Defendant knew the contents of the FedEx package police found in the car at Suazo's feet on September 18, 2018, and whether he had the ability and intent to exercise dominion and control over the same, not whether he and Suazo previously discussed other potential drug transactions

weeks prior.

Moreover, the government has no evidence that the Defendant ever consummated any of the previous drug deals he had discussed.  Consequently, this evidence invites the jury to speculate that the Defendant has dealt drugs in the past, and then to make assumptions about him in the instant case baesd on that speculation.

Especially where no evidence confirms that the Defendant actually distributed drugs, as opposed to merely discussing them, the potential for unfair prejudice substantially outweighs the probative value of the evidence.

2. Opinion testimony regarding "coded" drug language: The Defendant moves to preclude testimony purporting to interpret "coded" language on recorded phone calls between the Defendant and Suazo.

"If a proper foundation is laid, government witnesses may testify about matters within their personal knowledge and give lay or, if qualified, expert opinion testimony." United States v. Rosado-Perez, 605 F.3d 48 (1st Cir. 2010).  In the instant case, the government lacks sufficient evidence as to the foundation of the agents' opinions regarding "coded" language - either as lay or expert opinion.

"Rule 701 . . . is meant to admit testimony based on the lay expertise a witness personally acquires through experience,

often on the job." <u>United States</u> v. <u>Santiago</u>, 560 F.3d 62 (1st Cir. 2009), quoting <u>United States</u> v. <u>Maher</u>, 454 F.3d 13, 24 (1st 2006).  What the Court and the jury can never be sure of, however, is what exactly happens "on the job." <u>Id</u>.

For example, the government's witnesses will testify that, in their experience, "white" is code for "cocaine."  But they will offer no information on how frequently they have <u>actually</u> heard suspects discuss "white," and how frequently it <u>actually</u> correlates with cocaine.

This testimony also fails as "expert" opinion for similar reasons.  Expert testimony must meet the standards of scientific or academic reliability as outlined in <u>Daubert</u> v. <u>Derrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  This standard applies not only to scientific testimony, but also to all expert testimony admitted pursuant to Fed. R. Evid. 702. <u>Kumho Tire Co., Ltd.</u> v. <u>Carmichael</u>, 526 U.S. 137, 149 (1999).

The government has provided no evidence that the proffered testimony derives from reliably compiled facts and data. Consequently, the Court has no means of determining whether the testimony is sufficiently reliable – a predicate to admissibility.  Without a reliable basis for this expert opinion evidence, neither the Court, nor the jury, has any means of determining whether the testimony in fact aligns with the agents' training and experiences as police officers and whether

the agents' training and experiences are in fact representative of drug distribution trends.

Allowing police witnesses to claim expertise unmoored from reliably compiled facts and data permits the witnesses to tailor their testimony to fill in any gaps in the government's evidence, personally assuring the jury of the Defendant's guilt in the absence of actual evidence.

3. Voice identification testimony: The Defendant moves to preclude the government's witnesses from testifying as to the identity of the Defendant's voice on recorded phone calls.

Under Rule 901(b)(5), the Court has discretion to admit voice identification testimony if the witness "hear[d] the voice at any time under circumstances that connect it with the alleged speaker."

Here, the government presumably intends to offer testimony that agents who interacted with the Defendant during his arrest recognized his voice as that on the recordings.  However, the government has not identified which agents actually listened to the wiretap recordings.  Consequently, the circumstances under which the government seeks to identify the Defendant's voice are unclear.

Did any agent who personally interacted with the Defendant actually listen to the wiretaps?  Did an agent who spoke with the Defendant at his arrest previously listen to the wiretaps?

Did an agent who spoke with the Defendant at his arrest subsequently listen to the wiretaps?  If so, how long after the arrest did the agent listen to the wiretaps?  The government has not provided evidence to answer these questions.

Moreover, the government's theory of the Defendant's constructive possession of the drugs hinges on vague language in the recorded conversations, which the government seeks to attribute to the Defendant.  Where this evidence will play such a crucial role in the jury's determination of the Defendant's guilt or innocence, and where the circumstances of the identification are so vague, this identification evidence would be substantially more prejudicial than probative.  Consequently, the Court should exercise its discretion to exclude the evidence.

<div style="margin-left:50%">

Respectfully submitted,
Droel Jared Encarnacion Figueroa
By and through his Attorney,
/s/ Murat Erkan
Murat Erkan, BBO# 637507
Erkan & Associates, LLC
300 High Street
Andover, MA 01810
(978) 474-0054

</div>

Date:  August 21, 2020

CERTIFICATE OF SERVICE

I, Attorney Murat Erkan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 21, 2020.

/s/ Murat Erkan
Murat Erkan
Massachusetts BBO# 637507